HINKLE, District Judge,
concurring:
I concur with the court’s opinion in all respects. I write separately to note the reason for the opinion’s failure to address a different claim. The reason is that Mr. Wilchcombe has not asserted the claim.
Mr. Wilchcombe was the author, or at least the principal co-author, of the work at issue, Tha Weedman. But the appel-lees clearly had legal authority to incorporate the work into their Kings of Crunk album. This is so on one of two grounds. First, one or more of the appellees may have been co-authors. Co-authors may use a work without a separate grant of permission. Or second, if Mr. Wilchcombe was the sole author, he plainly granted the appellees an implied license to incorporate Tha Weedman into the Kings of Crunk album. Either way, the appellees did not breach a fiduciary duty to Mr. Wilchcom-be, and they did not infringe a copyright.
As the court’s opinion correctly concludes, Mr. Wilchcombe’s claims for breach of fiduciary duty and copyright infringement are unfounded. The district court’s judgment for the appellees must be affirmed.
The wrinkle is this. A co-author ordinarily is entitled to a share of profits from another co-author’s use of a work. Had Mr. Wilchcombe asserted such a claim, it could not properly have been dismissed at the pleading stage. A co-author of course can give up the right to a share of profits — and perhaps in due course it would have been held that Mr. Wilchcombe gave up any right to payment. As it turns out, this does not matter, because Mr. Wil-chcombe did not assert a claim for a coauthor’s share of profits.
Similarly, one who grants an implied license may — or may not — be entitled to a royalty, depending on the terms of the implied license. Had Mr. Wilchcombe asserted a claim for a royalty under an implied license, the claim could not properly have been rejected on summary judgment. This is so because, on this record, there is a genuine factual dispute over whether any implied license was with or without compensation. Again, however, this does not matter, because Mr. Wilchcombe did not assert such a claim.
As the court’s opinion correctly notes, we cannot properly rewrite Mr. Wilchcom-be’s complaint. Nor should we reverse the district court’s judgment on grounds not raised in the district court or, for that matter, in this court. I thus join the court’s opinion.